## McFarland v. Elliott et al.

FRAUDULENT CONVEYANCE: CONSIDERATION: EVIDENCE.

*Appeal from Boone Circuit Court.*

SATURDAY, MARCH 5, 1887.

ACTION in equity to subject certain real estate to the payment of a judgment against Amos Elliott. The petition was dismissed, and the plaintiff appeals.

*S. R. Dyer* and *J. N. Kidder*, for appellant.

*E. L. Green*, for appellee.

SEEVERS, J.—In 1879, Amos Elliott became indebted to the plaintiff, and he recovered a judgment on such indebtedness in 1884. In 1883, said Elliott owned an interest in certain real estate. His co-defendants also owned an interest therein to the extent of one-eighth each thereof. They sold all the interests to one Livingston, or rather exchanged farms with him. The agreed difference between the two tracts of land was $2,500, and this was paid by Livingston to Amos Elliott. The farm obtained from Livingston was conveyed by him to Belinda Elliott, the wife of Amos Elliott, and Nancy Pugh, her sister. Appellant contends that this transfer is fraudulent and void, because Belinda Elliott paid no consideration therefor. We think the evidence fairly establishes that the land owned by Amos Elliott, his wife, and her sister, was of the value of about $6,000. The amount received by Amos Elliott was $2,500. The value of the land conveyed by Livingston to Belinda Elliott and Nancy Pugh, did not exceed $3,500. It was probably not worth quite that much. Their interest in the land conveyed to Livingston was $1,500. Now, the question is, whether Amos Elliott was indebted to his wife and Nancy Pugh in the amount of $2,000. That he was indebted to them must be conceded, and, if his evidence can be believed, he was indebted in the amount above stated, if not more. There is no evidence which materially contradicts him. We see no reason for disbelieving him, unless it can be said that the story told by him is improbable. But we do not think this is so, and therefore the judgment is

AFFIRMED.